Filed 1/29/14  P. v. Dixon CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PARIS DIXON, III,<br><br>  Defendant and Appellant. | B250016<br><br>(Los Angeles County<br>Super. Ct. No.  BA409103) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying action, appellant pleaded nolo contendere to one count of making criminal threats pursuant to a plea agreement, and was sentenced in accordance with the terms of that agreement. His court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

**PROCEDURAL BACKGROUND**

On June 13, 2013, an amended information was filed, charging appellant Paris Dixon, III, in count one with corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)), in count two with making criminal threats (Pen. Code, § 422, subd. (a)), in count three with kidnapping (Pen. Code, § 207, subd. (a)), and in count four with evading a police officer (Veh. Code, § 2800.2, subd. (a)). Accompanying the charges were allegations that appellant had suffered a strike under the Three Strikes Law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and seven prior felony convictions for which he had served a prison term (Pen. Code, § 667.5, subd. (b)). In addition, accompanying counts two and three was an allegation that he had suffered a prior felony conviction constituting a serious felony (Pen. Code, § 667, subd. (a)(1)).

On June 19, 2013, after appellant's jury trial had begun, he entered into a plea agreement under which he was to be given a total term of 10 years in state prison. In accordance with the agreement, appellant pleaded nolo contendere to the charge of making criminal threats (count two), and admitted the prior strike under the Three Strikes law, as well as four prior felony convictions for which he had served prison terms. As provided in the plea agreement, the trial court imposed the three-year upper term for making criminal threats, doubled that term pursuant to the Three Strikes law, and added four one-year enhancements for the

2

prior prison terms (Pen. Code, § 667.5, subd. (b)). The remaining counts in the amended information were dismissed. This appeal followed.

## FACTS[1]

In the early morning hours of March 17, 2013, appellant attended a night club in Inglewood with Ana P., with whom appellant lived. Later, California Highway Patrol and Los Angeles Police Department officers responded to a call regarding an altercation near a freeway off ramp, and tried to stop an SUV driven by appellant. At the officers' direction, appellant pulled his SUV over, but drove away when they walked toward it. When the officers finally stopped the SUV, appellant fled on foot.

Inside the SUV, the officers discovered Ana, whose face displayed injuries. She told the officers that after she and appellant left the nightclub, they argued, and she tried to walk away. Appellant followed Ana in his SUV, parked it, and struck her so hard that she lost consciousness. When she regained consciousness, she found herself inside the SUV, where appellant choked her and said, "I am going to kill you." Appellant then drove the SUV onto a freeway. As he approached a freeway off ramp, Ana attempted to flee from the SUV, but he dragged her back inside it.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his

---

[1]     Because the trial had not been completed when appellant entered into the plea agreement, the facts are based on the evidence presented at the preliminary hearing.

right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has presented no such brief.

Appellant's plea of nolo contendere restricts the scope of the appeal before us. The notice of appeal seeks to challenge the validity of the plea, and also asserts that the appeal "is based on the sentence or other matters that occurred after the plea . . . ." In requesting a certificate of probable cause to attack the validity of the plea, appellant stated that he wished to withdraw his plea because his 10-year sentence was too harsh, in view of the evidence likely to be presented at trial.

Because the trial court denied appellant's request for a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Under this principle, "'"[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."'" (*Id.* at p. 383, quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 80.) As appellant's sentence was imposed in accordance with the plea agreement, our review of the record discloses no potential error within the scope of the appeal. We therefore conclude that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


WILLHITE, J.

5